IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHERRY MARLENE FARMER,<br>Petitioner, | § § § | |
| VS. | § | Civil Action No. 4:11-CV-065-Y |
| JOE KEFFER, WARDEN,<br>FMC-CARSWELL,<br>Respondent. | § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. Nature of the Case

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. Parties

Petitioner Sherry Marlene Farmer, Reg. No. 31610-074, is a federal prisoner incarcerated in FMC-Carswell in Fort Worth, Texas (FMC-Carswell).

Respondent Joe Keffer is Warden of FMC-Carswell.

## C. Procedural History

On January 16, 2009, pursuant to a plea bargain agreement, petitioner pleaded guilty to one count of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), and one count of money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (a)(1)(B)(i) and (h), in the Eastern District of Tennessee and, on June 9, 2009, was sentenced to an 84-month term of imprisonment on each count. *See United States v. Farmer*, PACER, Public Access to Court Electronic Records, Criminal Docket for # 3:07-cr-00089-3. Petitioner asserts she did not appeal or file a § 2255 motion to challenge her convictions in accordance with the plea agreement. (Pet. at 2-3, 7-8) Petitioner filed this federal petition under § 2241 in this division where she is currently serving her sentences. Petitioner claims she is actually innocent of the offense(s) in light of the Supreme Court decisions in *Skilling v. United States*, 130 S. Ct. 2896 (2010), *Black v. United States*, 130 S. Ct. 2963 (2010), *Weyhrauch v. United States*, 130 S. Ct. 2971 (2010), and *United States v. Santos*, 553 U.S. 507 (2008).

## D. Discussion

### 1. *Jurisdiction*

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of her conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of her conviction or sentence only if she can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his

2

detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) her claim is based on a retroactively applicable Supreme Court decision, (2) her claim was foreclosed by circuit law at the time when the claim should have been raised in her trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *See Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective.. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

## 2. *Skilling v. United States*

Petitioner claims the Supreme Court decisions in *Skilling v. United States*, 130 S. Ct. 2896 (2010), *Black v. United States*, 130 S. Ct. 2963 (2010), and *Weyhrauch v. United States*, 130 S. Ct. 2971 (2010), all of which involved the "honest services" fraud statute in 18 U.S.C. § 1346,[1] has rendered her actually innocent of the predicate offense upon which her money-laundering conviction is based. (Pro se Pet. 7-9) In *Skilling*, the Supreme Court held that 18 U.S.C. § 1346[2] criminalizes only bribery and kickback schemes—*i.e.*, fraudulently depriving another of one's honest services by accepting bribes or kickbacks. *Skilling*, 130 S. Ct. at 2933. Petitioner asserts that she was charged with and convicted of money-laundering under 18 U.S.C. § 1956 based on a scheme to defraud that

---

[1]In the three cases cited by petitioner, the Supreme Court contemporaneously considered the issue of the constitutionality of the honest services fraud statute, with *Skilling* resulting in the Court's lead opinion.

[2]Section 1346 provides:

> For the purposes of this chapter, the term "scheme or artifice to defraud" includes a scheme or artifice to deprive another of the intangible right of honest services.

3

did not involve bribes or kickbacks, and thus she is actually innocent because there is no predicate offense upon which her money-laundering conviction under § 1956 could be based. (Pet'r Mem. at 9) In petitioner's case, however, she pleaded guilty to conspiring to launder the proceeds of her illegal drug-trafficking activity. The underlying unlawful conduct is a controlled substances offense. There were no allegations of honest services fraud, explicitly or implicitly, under 18 U.S.C. § 1346 in the indictment. (Resp't App. at 2-4) Thus, the Supreme Court's holding in *Skilling* is neither relevant nor applicable to her convictions. *See, i.e., Canterbury v. Keffer*, Nos. 2:08-CR-00511-1, 2:10-CV-01305, 2:10-CV-01346, 2011 WL 1584812, at *2 (S.D.W.Va. Feb. 15, 2011).

### 3. *United States v. Santos*

Petitioner also claims the Supreme Court's decision in *United States v. Santos*, renders her actually innocent of money laundering under §1956(a). 18 U.S.C. § 1957(a). In *Santos*, the Supreme Court, in a plurality opinion, held that the term "proceeds," in the context of an illegal gambling operation, means profits, rather than receipts, of the unlawful operation. 553 U.S. at 514. Thus, the costs "fairly attributable" to an unlawful activity do not represent proceeds for purposes of 18 U.S.C. § 1957(f)(2). This definition of "proceeds" avoids a potential "merger problem" by which the underlying illegal activities would also constitute money laundering when the offenses involved transactions in which receipts were passed on to someone else. *Id.* at 515-17.

Although the Fifth Circuit has held *Santos*, which was decided on June 2, 2008, applies beyond the particular facts of that case and applies retroactively to cases on collateral review for purposes of the savings clause, petitioner was not foreclosed from raising her claim at trial, on appeal, or in a § 2255 motion. Furthermore, petitioner cannot satisfy the requirement that she may have been convicted of a nonexistent offense. *See Garland*, 615 F.3d at 39; Reyes-Requena, 243

4

F.3d at 904. Petitioner's case involves a financial transaction(s) to conceal proceeds derived from her illegal drug activity. Under these circumstances, the Fifth Circuit has held that *"Santos* does not have the effect of undermining" petitioner's money laundering conviction." *Wilson v. Roy,* — F.3d —, 2011 WL 2305959, at *1-4 (5th Cir. June 13, 2011).

## II. RECOMMENDATION

Based on the foregoing, it is recommended that petitioner's petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 20, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until July 20, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June **30**, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE